FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
8/2/2019 6:36 PM
JAMIE SMITH
DISTRICT CLERK
E-204231

CAUSE NO. _____

| | | |
|---|---|---|
| GOODHUE PARTNERS, LLC | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| v. | § § | JEFFERSON COUNTY, TEXAS |
| WESTERN WORLD INSURANCE COMPANY | § § § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, GOODHUE PARTNERS, LLC** (hereinafter referred to as "Plaintiff") and files this, Plaintiff's Original Petition, complaining of WESTERN WORLD INSURANCE COMPANY (hereinafter referred to as "Defendant"), and respectfully shows as follows:

### I. RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

1. As required by Rule 47(b) of the Texas Rules of Civil Procedure, the damages sought are within the jurisdictional limits of this Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000 in an amount to be determined by the jury.

### II. DISCOVERY CONTROL PLAN

2. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, discovery in this suit is to be conducted under Level 3.

### III. PARTIES

3. Plaintiff GOODHUE PARTNERS, LLC is a Texas Limited Liability Company doing business in Harris County with a principal place of business at 14722 Bramblewood Dr, Houston, Texas 77079-6404.

4. Defendant WESTERN WORLD INSURANCE COMPANY is a foreign for-profit corporation with a principal place of business at 400 Parsons Pond Dr, Franklin Lakes, New Jersey 07417-2600. Defendant Western World Insurance Company may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant is required to register with the Secretary of State but has not done so. *See* TEX. BUS. ORGS. CODE § 5.251(2)(B).

## IV. JURISDICTION/VENUE

5. The District Court of Jefferson County has jurisdiction over this cause of action pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), because Jefferson is the county in which all or a substantial part of the events giving rise to the suit occurred.

## V. FACTUAL BACKGROUND

6. On July 28, 2017, the Defendant issued its insurance policy numbered NPP8435307, naming the Plaintiff as a beneficiary and insuring the Plaintiff's commercial property and its contents located at 398 Pearl St, Beaumont, Texas 77701 against loss caused by windstorm and loss caused to the interior by rain which enters because of wind damage to the roof, among other things.

7. Under the terms of the policy, the policy period of coverage began on July 31, 2017, and terminated on July 31, 2018. The coverage afforded the Plaintiff for these losses was subject to monetary limits of $850,000, as more fully described in a true and correct copy of the policy attached as Exhibit A and incorporated by reference.

8. On or about August 28, 2017, Hurricane Harvey struck Beaumont, Texas where Plaintiff's commercial property is located. Between 46.38 to 49.06 inches of rain fell on the area, with gusts of wind at forty-three (43) knots reported approximately seventeen miles east at Orange County

Airport. *See* NATIONAL HURRICANE CENTER, *AL092017, Tropical Cyclone Report: Hurricane Harvey* 33, 39 (May 9, 2018), https://www.nhc.noaa.gov/data/tcr/AL092017_Harvey.pdf.

9. The severe winds from Hurricane Harvey damaged the roof, allowing water to penetrate into the building, causing widespread interior damage.

10. Plaintiff sustained losses, costs, and expenses to be determined by the reasonable cost to repair the damage to the dwelling and the fair market value of the contents destroyed by the intrusion of water caused by the windstorm.

## VI. CAUSE OF ACTION — BREACH OF INSURANCE CONTRACT

11. Plaintiff incorporates the prior facts and circumstances as if laid out fully here.

12. Plaintiff, on September 7, 2017, notified Defendant, by notice to its duly authorized agent, of the occurrence of the incident described in Paragraph 9, above.

13. Despite the fact that all conditions precedent to Defendant's obligation to pay Plaintiff's losses under the policy of insurance were performed, Defendant failed and refused to pay the value of Plaintiff's claim.

14. In denying coverage, Defendant highlighted page 1 of Causes of Loss – Basic Form A.4.c (covered causes of loss) and page 3 of Causes of Loss – Basic Form B.1.g (exclusions). Rainwater that enters the building because of damage sustained by wind is covered cause of loss under A.4.c, and nowhere in the water exclusion located under B.1.g states rain damage is not covered.

15. All four water exclusions listed in B.1.g deal in some way with surface water or water from the building's fixtures, with none of the exclusions even suggesting the intrusion of water from rain getting in through the roof is a covered exclusion in this section. The Texas Supreme Court has stated when the language of an insurance policy is ambiguous or "subject to two or more reasonable interpretations, the construction which affords coverage will be adopted." *Blaylock v.*

*American Guarantee Bank Liability Ins. Co.*, 632 S.W.2d 719, 721 (Tex. 1982). Additionally, "the policy of strict construction against the insurer is especially strong when the court is dealing with exceptions and words of limitation." *Id.*

16. Defendant's failure to pay the value of Plaintiff's claim for a covered loss and attempts to use an ambiguous exclusion have caused Plaintiff to suffer that loss together with other harm as described further in this petition.

### VII. CAUSE OF ACTION — UNFAIR CLAIM SETTLEMENT PRACTICES

17. Plaintiff incorporates the prior facts and circumstance as if laid out fully here.

18. After having received notice of Plaintiff's losses clearly covered by the parties' contract of insurance, Defendant engaged in several unfair settlement practices in violation of TEX. INS. CODE § 541.060(a), including but not limited to the following:

   a. Misrepresenting material facts and the policy provisions relating to the coverage of the insurance contract at issue;

   b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

   c. Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy for Defendant's denial of the claim or offer of a compromise settlement of the claim;

   d. Refusing to pay the claim without first conducting a reasonable investigation of the matter.

19. Plaintiff will show that these acts and omission on Defendant's part were done knowingly, that is with an actual awareness of the falsity, unfairness, or deception of the conduct described.

Consequently, Plaintiff requests that the trier of fact award Plaintiff additional damages up to three times the sum of actual damages suffered.

### VIII. CAUSE OF ACTION — BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

20. Plaintiff incorporates the prior facts and circumstance as if laid out fully here.

21. From the time Plaintiff's claim was presented to Defendant, the Defendant's liability to pay the claim in accordance with the insurance policy was reasonably clear. Despite there being no basis for a reasonable insurance company to deny the payment of Plaintiff's claim, Defendant refused to accept the claim and pay Plaintiff as the insurance policy required.

22. At the time the claim was presented, Defendant knew or should have known by the exercise of reasonable diligence that its liability was clear. Plaintiff will show that Defendant took actions to avoid paying a valid claim by failing to conduct a reasonable, proper investigation of the claim, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to escape liability.

23. An insurance company has a common-law duty to deal fairly and in good faith with those it insures. *See Arnold v. Nat'l County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). Consequently, Defendant breached its duty to deal fairly and in good faith with Plaintiff through its conducted expressed above. Defendant's breach was a proximate cause of the losses, expenses, and damage suffered by Plaintiff as more specifically described below.

### IX. CAUSE OF ACTION AGAINST DEFENDANTS — FAILURE TO COMPLY WITH PROMPT PAYMENT STATUTE

24. Plaintiff incorporates the prior facts and circumstance as if laid out fully here.

25. Plaintiff suffered a loss covered by the policy and gave proper notice to Defendant of Plaintiff's claim on September 7, 2017. Plaintiff cooperated and complied fully with Defendant to

obtain a settlement of its claim, including furnishing all required items on or about September 7, 2017. Notwithstanding such cooperation, on November 15, 2017, Plaintiff received a letter from Defendant rejecting the claim and refusing to pay the benefits afforded by the policy of insurance.

26. Although more than sixty (60) days elapsed from the time Defendant received all the items requested to process Plaintiff's claim, the claim was not paid by Defendant in violation of TEX. INS. CODE § 542.058(a). Thus, Plaintiff is entitled to recover the additional sum of eighteen (18) percent per annum on Plaintiff's damages as described in this petition from on or about November 6, 2017 until the day before the judgment for Plaintiff in this case is signed. *See* TEX. INS. CODE § 542.060(a).

## X. ATTORNEY'S FEES

27. Plaintiff incorporates the prior facts and circumstance as if laid out fully here.

28. Because of the conduct of Defendant, Plaintiff has been compelled to engage the services of an attorney to prosecute this action. Plaintiff is entitled to recover a reasonable sum for the necessary services of the attorney in the preparation and trial of this action and for any appeals to the court of appeals or the Texas Supreme Court.

## X. PLAINTIFF'S DAMAGES

29. Defendant's acts and omissions in this matter were the producing and proximate cause of the harm to Plaintiff. As a result of Defendant's conduct and subsequent harm, Plaintiff seeks the following damages:

    a. The benefits payable under the insurance policy that made the basis of this suit;

    b. Additional damages up to three times the actual damages suffered because of numerous unfair claim settlement practices;

  c. 18 percent per annum on the amount determined due from on or about November 6, 2017 until the day before the judgment is signed;

  d. Attorney's fees;

  e. Prejudgment interest;

  f. Post-judgment interest;

  g. Cost of court;

  h. All other relief, special or general, legal or equitable, to which Plaintiff is justly entitled.

## XI. JURY DEMAND

30. Plaintiff requests that a jury be convened to try the factual issues in this Cause.

## XII. NOTICE PURSUANT TO TRCP 193.7

31. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to Defendant of its intent to use all documents exchanged and produced between the parties (including but not limited to, correspondence, pleadings, records and discovery responses) during any pre-trial proceeding and/or at the trial of this Cause.

## XIII. REQUEST FOR DISCLOSURE

32. Pursuant to Rule 194.2 of the Texas Rules of Civil Procedure, Plaintiff propounds this Request for Disclosure to Defendant. Defendant has 50 days from the date of service of the Original Petition to provide all the information in Rule 194.2(a) through (i). This Request for Disclosure incorporates all requirements embodied in Rule 194.2(a) through (i) as set forth fully herein for all purposes.

## XIV. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer herein and upon trial of this cause Plaintiff have judgement against Defendant for all of its damages as set out herein, prejudgment interest at the highest legal rate allowed by law, post-judgment interest at the highest legal rate allowed by law, all costs of court, and for such and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**CHARLES BENNETT LAW, PLLC**

*/s/ Charles A. Bennett*
CHARLES A. BENNETT
State Bar No. 24086454
cbennett@charlesbennettlaw.com
12801 N. Central Expy. Ste. 460
Dallas, Texas 75243
Phone:       (972) 972-4969
Facsimile:   (469) 754-0088

**ATTORNEY FOR PLAINTIFF**